UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN RICHARD WELL,

                      Petitioner,

v.

STATE OF WASHINGTON, WESTERN STATE HOSPITAL,

                      Respondents.

Case No. C14-1834 JCC-BAT

**REPORT AND RECOMMENDATION**

      Pro se Petitioner Steven Richard Well, proceeding *pro se,* submitted a 28 U.S.C. ¶ 2254 habeas corpus petition. Dkt. 1. Mr. Well seeks to challenge a 2010 conviction for which he never filed an appeal. Thus, the petition is subject to dismissal because it is unexhausted, untimely, and procedurally barred. However, the Court granted Mr. Well leave to explain to the Court why his petition should not be dismissed and file an amended petition that cured, if possible, the noted deficiencies. Dkt. 3. On December 12, 2014, Mr. Well filed an amended 2254 petition. Dkt. 5. It suffers from the same deficiencies as the original petition.

      Because 28 U.S.C. § 2254 requires the exhaustion of state court remedies before the filing of a petition for writ of habeas corpus, Mr. Well's petition should be **DISMISSED.**

REPORT AND RECOMMENDATION- 1

## DISCUSSION

Mr. Well states that he did not appeal the 2010 conviction in state court. Mr. Well may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

In addition, because it has been more than one year since his conviction, it appears that Mr. Well's habeas claims are procedurally defaulted in the State of Washington and if he attempts to present them in a state court challenge at this time, his claims would be denied. Per RCW 10.73.090, any collateral challenges filed after the judgment and sentence becomes final and the one-year statute of limitations runs out are barred. Thus, his claims would not be cognizable in federal court and must be dismissed absent a showing of cause and prejudice or actual innocence.

Unless it would result in a "fundamental miscarriage of justice," a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800

F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. at 496. "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Mr. Well has not demonstrated cause (such as an objective external factor outside his control that excused his procedural default) and prejudice (an error of constitutional proportions that infected his whole trial), or evidence of actual innocence. Therefore, his federal claims are not cognizable in this Court and must be dismissed.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regard to Mr. Well's habeas petition. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason could disagree with the Court's determination that it lacks subject matter jurisdiction over the claims presented. Mr. Well should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief. The Court cannot grant relief in this matter because Mr. Well has failed to exhaust his state court remedies. The Court therefore recommends that Mr. Well's § 2254 petition be **DISMISSED without prejudice.** The Court also recommends denying issuance of a COA.

A proposed Order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by Friday, **January 9, 2014**. The Clerk should note the matter for **Monday, January 12, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 7 pages. The failure to timely object may affect the right to appeal.

The Clerk shall also provide a copy of this Report and Recommendation to Petitioner and to the Honorable John C. Coughenour.

Dated this  19th  day of December, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4