THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN RICHARD WELL,

                 Petitioner,

      v.

STATE OF WASHINGTON, WESTERN

STATE HOSPITAL,

             Respondents.

CASE NO. C14-1834-JCC

ORDER DENYING PETITION FOR
HABEAS CORPUS

This matter comes before the Court on the Report and Recommendation of the Honorable Magistrate Judge Brian Tsuchida. (Dkt. No. 6.) Judge Tsuchida recommends denial of Mr. Well's Petition for Writ of Habeas Corpus and Certificate of Appealability. Having thoroughly considered the Report and Recommendation, as well as Petitioner's response, the Court DENIES the Petition and Certificate of Appealability. For the reasons discussed herein, Petitioner has failed to exhaust his remaining state remedies.

I.      **BACKGROUND**

On December 16, 2010, Mr. Well pled not guilty by reason of insanity to the murder of his landlady. (Dkt. No. 1 at 1.) He was thereafter committed to Western State Hospital ("Western"). (Dkt. No. 1 at 1.) On November 21, 2014 Mr. Well submitted a 28 U.S.C. § 2254 Habeas Corpus Petition with this Court. (Dkt. No. 1.) He alleged that assigned counsel had

coerced him to plea as he did.  (Dkt. No. 1.)  Judge Tsuchida found that the Petition was procedurally barred due to Mr. Well's failure to exhaust state remedies.  (Dkt. No. 3.)  Mr. Well was therefore ordered to show cause why his Petition should not be denied.  (Dkt. No. 3.)  On December 12, 2014, Mr. Well wrote back to the Court, alleging that his trial judge had never advised him of his right to appeal.  (Dkt. No. 7.)  His response suffers from the same deficiencies as his original Petition for the following reasons.

## II.   DISCUSSION

### A.   Failure to Exhaust State Remedies

Mr. Well never challenged his 2010 conviction by appeal or other means.  Habeas relief is available only to those petitioners who have exhausted their state judicial remedies and provided the highest state court a full and fair opportunity to consider their claim. 28 U.S.C. § 2254(b)(1) (1996).  *See Picard v. Connor*, 404 U.S. 270, 276 (1971).  In determining the nature of those remedies "[p]rinciples of comity require federal courts to respect state procedural bars to post-conviction relief" as defined by state law and including any relevant statutes of limitation.  *Schneider v. Mcdaniel*, 674 F.3d 1144, 1155 (9th Cir. 2012).  Washington allows criminal defendants thirty days to appeal and one year in which to apply for non-appellate post-conviction relief.  Wash. R. App. P. 5.2(a); RCW 10.73.090(1).  Since 1989, a defendant also has the right to be notified of this time limit at trial.  RCW 10.73.110.  Even if a defendant misses this deadline he may seek to extend his time to challenge a judgment.  Wash. R. App. P. 18.8(b).  However, such an extension may be granted only in "extraordinary circumstances," where "filing, despite reasonable diligence was defective due to excusable error or circumstances beyond the party's control," and where "the lost opportunity to appeal would constitute a gross miscarriage of justice." *Reichelt v. Raymark Industries, Inc.*, 764 P.2d 653, 654 (Wash. Ct.App. 1988).  *See Beckman ex rel. Beckman v. State, Dep't of Soc. & Health Servs.*, 11 P.3d 313, 315 (Wash. Ct.  App. 2000).

1      Mr. Well did not appeal his case within the State's one year time limit and did not seek to

2  waive that time limit.

3              **B.  Exceptions to the Exhaustion Requirement**

4      Mr. Well might have been excused for his "state procedural default" if he had

5  "demonstrate[d] cause and actual prejudice." *Engle v. Isaac*, 456 U.S. 107, 129 (1982).  The

6  standards for an exception to the exhaustion requirement, however, are more stringent than those

7  for a waiver of the statute of limitations.  *See Schneider*, 674 F.3d at 1155.  For instance, a pro se

8  petitioner's poor "mental condition" will not suffice when he "remains able to apply for post-

9  conviction relief to a state court." *Id*. at 1153 (internal citations omitted).  *See Hughes v. Idaho*

10  *State Bd. Of Corrections*, 800 F.2d 905 (9th Cir. 1986) (finding insufficient cause in petitioner's

11  illiteracy and legal ignorance); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding

12  same in petitioner's "borderline mental defective" disorder).  Without a showing of cause, the

13  Court will grant relief in only the most extraordinary case, where an unconstitutional

14  "miscarriage of justice" has "probably led to [the] wrongful conviction of the innocent." The

15  petitioner in such a case must present reliable evidence not considered at trial and show that it is

16  "more likely than not that no reasonable jury would have convicted him." *Bousley v. United*

17  *States,* 523 U.S. 614, 623 (1998).

18      In his response to Judge Tsuchida's Report and Recommendation, Mr. Well sought to

19  excuse his procedural default on the basis that he had been unaware of his right to appeal and

20  was not advised of such at trial.  The Court does not find his response compelling.  His ignorance

21  here is not dissimilar to the sort of "mental condition" repeatedly found insufficient to excuse his

22  procedural default.  Neither does he offer new evidence, showing that a miscarriage of justice

23  will occur if he is denied relief.

24    **C.**     **Certificate of Appealability**

25      Given the circumstance of his case, the Court also denies Mr. Well a Certificate of

26  Appealability 28 U.S.C. § 2254(c) (1996).   Such a Certificate may be issued only where a

ORDER DENYING PETITION FOR HABEAS
CORPUS
PAGE - 3

petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).   A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   As discussed above, Mr. Well has failed to show he was denied a constitutional right.

## III.   CONCLUSION

For the reasons discussed, Judge Tsuchida's Report and Recommendation is ADOPTED. The Court DENIES Mr. Well's Petition for Habeas Corpus as he has failed to exhaust his remedies in state court.  The Court finds no reasons to waive this requirement.  Nor does the Court believe that reasonable jurists could find otherwise and thus DENIES Mr. Well a Certificate of Appealability.

DATED this 20 day of January 2015.

John C.  Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR HABEAS
CORPUS
PAGE - 4